```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSEPH MCNALLY,<br><br>              Plaintiff,<br><br>    v.<br><br>WATERFORD TOWNSHIP, et al.,<br><br>             Defendants. | 1:19-cv-17923-NLH-AMD<br><br>**MEMORANDUM OPINION<br>& ORDER** |

This matter comes before the Court by way of a proposed consent order to remand filed by the parties. (Docket No. 17.) On September 12, 2019, Defendants removed Plaintiff's case from state court to this Court pursuant to 28 U.S.C. § 1331 based on Plaintiff's federal claims, with the Court having supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).[1] The proposed consent order reflects that Plaintiff's amended complaint filed on October 23, 2019 (Docket No. 11) has

---

[1] Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

dismissed Plaintiff's claims arising under federal law, and provides that the parties consent to remand because there is "no longer [] an independent basis for federal jurisdiction." Jurisdiction under 28 U.S.C. § 1331(a), diversity of citizenship, is not an available basis for jurisdiction because Plaintiff and Defendants are all citizens of New Jersey.

Ordinarily, post-removal agreements between the parties that alter an element of subject matter jurisdiction, which had been properly established at the time of removal, in an attempt to return to state court are without force. Cf., Duffy v. Absecon Police Department, 2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint) (citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the

court must look to 'the state of things at the time of the action brought.'"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294-95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.")); St. Paul Mercury Indem. Co., 303 U.S. at 292-93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

The parties have endeavored to do a similar thing here. Technically, their post-removal agreement to the remand of the case to state court does not provide the mechanism for remand. The parties cannot unilaterally consent to the remand of the case when this Court had at the time or removal, and continues to have, subject matter jurisdiction over the action. The parties' consent order is incorrect that the dismissal of Plaintiff's state law claims divests this Court of subject matter jurisdiction.

Their proposed consent order is not entirely without any force, however, because Plaintiff's voluntary dismissal of his federal claims through the filing of an amended complaint provides a basis for the Court to consider whether, in its discretion, it should continue to exercise subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

"Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum." Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 167 (1997)) (other citation omitted) ("The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."). Section 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

>(3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Third Circuit "has made clear that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" Jacobowitz v. M & T Mortg. Corp., 372 F. App'x 225, 228–29 (3d Cir. 2010) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis in original)).

Through Plaintiff's amended complaint, the federal claims over which this Court had original jurisdiction are no longer in the case. Further, the only remaining claims arise under state common law and for violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. an important state statute. Moreover, this matter in the earliest stages of litigation and no substantive decisions has been rendered affecting the claims or positions of the parties. Therefore there are no considerations of judicial economy, convenience, and fairness to the parties that provide an affirmative justification for retaining jurisdiction over the matter. Thus, the Court finds that it will decline to exercise supplemental jurisdiction over

Plaintiff's remaining claims under § 1367(c)(2) and (3), and the Court will remand the matter to state court.[2]

THEREFORE,

IT IS this ___18th___ day of ___November___, 2019

ORDERED that this action be, and hereby is, REMANDED to Camden County Superior Court, Law Division, CAM-L-3068-19; and it is further

ORDERED that the Clerk of Court shall mark this matter as CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[2] Because Plaintiff's case was removed from state court, rather than filed here originally, the Court will remand, rather than dismiss, this action. See, e.g., Monk v. New Jersey, 2014 WL 4931309, at *3 (D.N.J. 2014) (declining to continue exercising supplemental jurisdiction over the plaintiff's state law claims after the dismissal of the plaintiff's federal claims, and determining that "[r]ather than dismiss this case outright, however, the Court has discretion to remand this matter and the remaining state law claims back to the state court for further adjudication") (citing Whittaker v. CCIS N. of Phila., No. 10-1095, 2010 WL 1644492, at *2 (E.D. Pa. Apr. 22, 2010) ("Where a case has been removed from state court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain.") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).